**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EUGENE HAYWOOD and HAYWOOD LOGISTICS LLC, a Georgia limited liability company, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOUR WAYS LOGISTICS II, INC., an Illinois corporation,<br><br>Defendant. | ) | Case No.: 1:26-cv-3640<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiffs, Eugene Haywood and Haywood Logistics LLC, individually and on behalf of all others similarly situated, through their undersigned counsel, allege the following against Defendant, Four Ways Logistics II, Inc., based upon personal knowledge as to themselves and information and belief as to all other matters:

**INTRODUCTION**

1. This action is brought by Plaintiffs individually and on behalf a class of similarly situated truck drivers and independently owned trucking companies. As alleged herein, Defendant, Four Ways Logistics II, Inc. ("Four Ways") collects escrow from drivers, typically $2,500, from which it unlawfully deducts amounts that are not set forth in its contract and that are otherwise arbitrary and unwarranted, including but not limited to charging drivers who do not give two weeks notice $1,000 even though no such term appears in the equipment lease.

2. Further, Four Ways fails to paying interest on the escrow amounts and deducts other amounts that are not set forth in the lease, thereby violating the Truth in Leasing Act and

the Illinois Wage Payment and Collection Act.

3. The Truth in Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2), and its implementing regulations govern the terms and conditions under which owner-operator truckers lease equipment to federally authorized motor carriers that transport freight in interstate commerce. *See* 49 U.S.C. § 14102(a); 49 C.F.R. § 376.12.

4. TILA regulations require the motor carrier's equipment lease to disclose, in writing, the amount that the motor carrier will pay the owner-operator as compensation. 49 C.F.R. § 376.12(d).

5. The regulations also require that those leases disclose the details of any escrow withholdings and chargeback items. *Id*. at § 376.12 (h), (k).

6. Finally, the regulations require the motor carrier to adhere to the terms of the lease. *Id*. at § 376.12 (introductory paragraph).

7. Plaintiff Eugene Haywood alleges herein that Four Ways violated his rights and other drivers' rights under the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115/3-4 & 9 by deducting sums from drivers' wages without their written authorization at the time of the deduction and by not paying drivers all agreed-upon wages due and owing to them.

8. Plaintiffs and the Class seek to recover all illegal deductions and final compensation that Four Ways wrongfully withheld from their wages in violation of 820 ILCS 115/5 and 115/9.

9. During the class period, Four Ways took illegal deductions from Plaintiffs' and the Class's paychecks and withheld paychecks from Plaintiff Eugene Haywood and the Class.

**PARTIES**

10. Plaintiff Eugene Haywood ("Haywood") was at all times relevant hereto a natural

person domiciled in Harvey, Louisiana. Mr. Haywood is the principal of plaintiff Haywood Logistics LLC, described below. Mr. Haywood worked for Four Ways as a company truck driver during the class period and is a member of the class defined herein.

11. Plaintiff Haywood Logistics LLC ("Haywood Logistics") is a single-member limited liability company organized under the laws of the State of Georgia with its principal place of business and headquarters in Ellenwood, Georgia. Haywood Logistics is a member of the class defined herein. Haywood Logistics is registered under USDOT 2560668 and MC 893393.

12. Defendant Four Ways Logistics II, Inc., is a corporation organized under the laws of the State of Illinois with its principal place of business in Palos Park, Illinois. Four Ways is a federally regulated motor carrier engaged in providing transportation services to the shipping public. Four Ways is registered under USDOT 2724854 and MC 922906.

**JURSIDICTION AND VENUE**

13. The Court has subject matter jurisdiction over this action pursuant to the TILA, 49 U.S.C. § 14704 and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendant. Defendant is a corporation organized under the laws of this State with its principal place of business in Palos Park, Illinois, and is therefore subject to the general personal jurisdiction of courts in this State.

15. Venue is proper in this jurisdiction under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events and omissions giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

16. At all times relevant hereto, Plaintiff Eugene Haywood and other truck drivers

comprising the class performed delivery services exclusively for Four Ways.

17. Plaintiffs and other drivers, under their corporate entities, worked for Four Ways as owner-operators for purposes of the TILA regulations. 49 C.F.R. § 376.2. They transported goods for Four Ways by driving trucks they leased from Four Ways or another company.

18. When Plaintiffs leased their truck from Four Ways, they had exclusive use and possession of the truck. The same was true of other owner-operators that leased trucks from Four Ways or other companies.

19. Plaintiffs and other members of the class signed Independent Contractor Agreements (hereinafter "Lease Agreement") with Four Ways under their corporate entities, to "lease" the truck back to Four Ways for the purpose of transporting goods. This was the equipment lease required by 49 C.F.R. § 376.11(a).

20. Upon information and belief, a nearly identical form of agreement was made with other members of the class.

21. Under the Lease Agreement, Four Ways, as the authorized carrier, held the federal motor carrier operating authority needed to provide services for the transport of non-exempt goods in interstate commerce.

22. Haywood signed the Lease Agreement as the principal of Haywood Logistics.

23. Haywood worked for Four Ways as a driver from October 23, 2025, until January 7, 2026. Four Ways agreed to pay plaintiff Haywood 63 cents per mile for his work.

24. Haywood had no customers of his own and worked hauling freight exclusively for Four Ways.

25. Four Ways paid Haywood through his corporate entity, Haywood Logistics.

26. Four Ways had title to the truck Haywood used to perform his work.

27. Four Ways provided Haywood with all of his work assignments.

28. Four Ways directed Haywood on all significant aspects of his work, including the time and location to pick up trailers and loads and the time he was required to arrive at delivery locations. Haywood did not have the opportunity to choose his own loads or routes.

29. Four Ways made deductions from Haywood's final settlement (paycheck) dated February 27, 2026, without Haywood's express written authorization. The deductions included $1,000.00 purportedly "[f]or not giving two-week notice."

30. The Lease Agreement signed by Haywood and other members of the class did not state that any amount would be deducted from their final check for purported failure to give two-weeks notice. In fact, the Lease Agreement contained no termination terms other than the unilateral right of Four Ways to "cancel this agreement at any time," without notice.

31. Haywood and other class members did not authorize any amount to be deducted from their final checks for purported failure to give two-weeks' notice.

32. The above deduction for not giving two-weeks notice was not related to any cost incurred by Four Ways and was a windfall, after-the-fact deduction that Plaintiff and the class did not agree to.

33. Four Ways also deducted undisclosed amounts from Plaintiff and the class' final checks purportedly for a "drug test" and their motor vehicle record ("MVR").

34. As with the $1,000.00 deducted for purported failure to give two-weeks' notice, the above deductions for drug testing and motor vehicle records from the checks of Plaintiff and the class were not disclosed in the Lease Agreement and no amounts for such purported costs were provided therein.

35. On information and belief, Four Ways had a uniform practice and course of

conduct of deducting amounts from drivers' pay without informing them of the nature or amounts of such charges in its standard Lease Agreement.

36. Finally, Four Ways did not pay interest on Plaintiffs' escrow accounts, the standard amount of which was $2,5000.00 and failed to return the escrow balance, if any, for at least 45 days after Haywood and other members of the class stopped working for Four Ways.

## CLASS ACTION ALLEGATIONS

37. This action is brought and may be properly maintained as a class action pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

38. Plaintiff brings this action individually and on behalf of the following class defined as follows (the "Class"):

> All individuals and entities who drove a semi-trailer truck for Four Ways Logistics II, Inc. ("Four Ways"), who paid an amount into escrow from which Four Ways deducted amounts purportedly for: (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records, and/or did not receive interest on or the immediate return of the amount of escrow they paid.

***Illinois Subclass***

> All individuals who drove a semi-trailer truck in the State of Illinois for Four Ways Logistics II, Inc. ("Four Ways") from whose compensation Four Ways deducted amounts for (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records without their express written consent.

Excluded from the Class and Subclass are Defendant (and its respective affiliates, parents, subsidiaries, officers, agents and directors), the judge(s) presiding over this matter, and the clerks of said judge(s).

39. Plaintiffs reserve the right to amend the above definition or to propose other or additional classes in subsequent pleadings and/or motions for class certification.

40. Plaintiffs are members of the Class defined above.

41. This action seeks both injunctive relief and damages.

42. This case satisfies each of the following requirements for class certification set forth in Fed. R. Civ. P. 23.

43. ***Numerosity.*** The class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Data maintained by the U.S. Department of Transportation indicates that Four Ways has 121 drivers and an equal number of power units (121 tractors). Thus, given the scale of Four Way's trucking operations, there are potentially hundreds or thousands of persons in the class thereby making individual joinder impracticable.

44. ***Commonality.*** There are questions of law or fact common to the Class, Fed. R. Civ. P. 23(a)(2), including, *inter alia*, the following:

a. Whether Four Ways has a policy or practice of deducting unauthorized or undisclosed amounts from driver's settlement checks for such things as amounts purportedly for: (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records;

b. Whether Four Ways is obligated and/or fails to pay interest on the escrow amounts it charges drivers;

c. Whether Four Ways unlawfully withholds payment of escrow balances to drivers for at least 45 days after they stop working; and

d. Whether Plaintiffs and the Class have been damaged by Four Ways' unlawful practices alleged herein and the appropriate measure of their damages.

45. The foregoing questions satisfy commonality because the same evidence will suffice for each member to make a *prima facie* showing on the question or the issue is

susceptible to generalized, class-wide proof, and determination of the question's truth or falsity will resolve an issue that is central to the validity of each one of their claims.

46. Each Class member's claim depends upon common contentions, including, *inter alia*, that they paid an amount into escrow from which Four Ways deducted amounts purportedly for: (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records, and/or did not receive interest on or the immediate return of the amount of escrow they paid.

47. ***Typicality.*** The claims of Plaintiffs are typical of the claims of the Class. *See* Fed. R Civ. P. 23(a)(3). This case satisfies typicality for the same or similar reasons set forth above with respect to commonality.

48. Plaintiffs' claims have the same essential characteristics as the claims of the Class at large.

49. ***Adequacy.*** Plaintiffs will fairly and adequately protect the interests of the Class. Fed. R. Civ 23(a)(4). Plaintiffs have retained counsel who are competent and experienced in class action litigation on behalf of consumers. Further, Plaintiffs have no interests that are antagonistic to, or in conflict with, the interests of the Class.

50. ***Predominance***. The questions of law or fact set forth herein predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). The Class is sufficiently cohesive to warrant adjudication by representation, and the common questions set forth herein represent a significant aspect of the case, as explained above.

51. ***Superiority.*** A class action is superior to other available methods for fairly and efficiently adjudicating the controversy within the meaning of Fed. R. Civ. P. 23(b)(3). This is demonstrated the likelihood that any class members would want to maintain individual actions given the relatively small amounts at stake and the difficulty of obtaining counsel willing to

pursue such relatively low value claims; the apparent lack of any such litigation having already been initiated; the desirability of concentrating the litigation of such claims in this Court as opposed to several courts hearing the same claim in different jurisdictions without coordination; and the lack of any apparent difficulties in the Court's management of the case before it as a class action.

52. ***Classwide Injunctive Relief.*** In addition to satisfying the requirements of Fed. R. Civ. P. 23(b)(3), *supra*, this case satisfies the injunctive relief requirements of Fed. R. Civ. P. 23(b)(2), which requires a showing that the party opposing the class (Defendant) has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

53. As alleged, Four Ways' policy or practice of deducting unauthorized amounts from and failing to pay interest on and/or promptly returning drivers' escrow is generally applicable to the Class as a whole, thereby making appropriate final injunctive or equitable relief on a class-wide basis.

## CAUSES OF ACTION

## COUNT I

**(Violation of the Truth in Leasing Act, 49 U.S.C. § 14102 *et seq.* and 49 C.F.R. § 376 *et seq.*)**

54. Plaintiffs repeat and reallege the foregoing allegations as though fully stated herein. This Count is brought by Plaintiffs individually and on behalf of the Class, including the Illinois Subclass defined herein.

55. At all times relevant hereto, there was in full force and effect a federal statute commonly referred to as the Truth in Leasing Act ("TILA"), codified at 49 U.S.C. § 14102 *et seq.* and regulations promulgated thereunder at 49 C.F.R. § 376 *et seq.*

56. TILA defines a lease as "[a] contract or arrangement in which the owner grants the use of equipment, with or without driver, for a specified period to an authorized carrier for use in the regulated transportation of property, in exchange for compensation." 49 C.F.R. § 376.2(e).

57. The contracts entered into between Plaintiffs and other Class members and Four Ways were leases within the meaning of 49 CFR § 376.2(e), *supra*.

58. Under TILA, "[t]he lease shall clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed. 49 C.F.R. § 376.12(h). Further, [t]he lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge. *Id.*

59. TILA also contains strict provisions regarding the handling of escrow funds under a lease. Among other things, "[i]f escrow funds are required, the lease shall specify . . . [t]he specific items to which the escrow fund can be applied. 49 CFR 376.12(k)(2).

60. Finally, "while the escrow fund is under the control of the carrier, the carrier shall pay interest on the escrow fund on at least a quarterly basis." *See* 49 C.F.R. § 376.12(k)(5).

61. Four Ways is an authorized carrier within the meaning of TILA as it is "[a] person . . . authorized to engage in the transportation of property as a motor carrier under the provisions of 49 U.S.C. 13901 and 13902." 49 CFR 376.2(a)

62. Four Ways is registered as a motor carrier and subject to the jurisdiction of the U.S. Department of Transportation, having been provided the registration numbers USDOT 2724854 and MC 922906.

63. As an authorized carrier within the meaning of TILA, Four Ways is subject to the

written lease requirements set forth in Paragraphs 59 through 61, *supra*.

64. Notwithstanding the provisions of 49 C.F.R. § 376.12(h), supra, Four Ways' standard leases with Plaintiffs and the Class did not specify that deductions would made from their escrow for (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records or the amount of such deductions.

65. Four Ways did in fact deduct from Plaintiffs and the Class' escrow amounts for (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records

66. Further, Four Ways failed to pay interest on the escrow funds of Plaintiffs and the other members of the Class in violation of 49 C.F.R. § 376.12(k)(5).

67. As a direct and proximate result of Four Ways' violations of TILA set forth herein, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

**COUNT II**

**(Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*)**

68. Plaintiffs repeat and reallege the foregoing allegations as though fully stated herein. This Count is brought by plaintiff Haywood individually and on behalf of the Illinois Subclass defined herein.

69. At all times relevant hereto there was in full force and effect a statute commonly referred to as the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.*

70. The IWPCA prohibits "deductions by employers from wages or final compensation . . . unless such deductions are . . . made with the express written consent of the employee, given freely at the time the deduction was made." *See* 820 ILCS 115/9.

71. The IWPCA broadly defines an "employee" as "any individual permitted to work by an employer in an occupation," subject to limited exceptions that do not apply here. *See* 820

ILCS 115/2.

72. At all times relevant hereto, plaintiff Haywood was an employee of Four Ways within the meaning of the IWPCA.

73. Four Ways had control over Haywood's working driving its semi-trailer truck.

74. Driving its truck, Haywood only performed work in the usual course of business for Four Ways. Finally, Four Ways is an independently established business. *See* 820 ILCS 115/2.

75. Four Ways agreed to pay Haywood 63 cents per mile for his work.

76. The IWPCA requires employers to pay employees their final compensation no later than the next regularly scheduled pay period. 820 ILCS 115/5.

77. The IWPCA prohibits employers from making deductions from wages without the employee's express written authorization. 820 ILCS 115/9.

78. Four Ways made numerous deductions from Haywood's final paycheck without her express written authorization at the time of the deductions, including deductions for (1) not giving two-weeks' notice, (2) drug testing, and/or (3) motor vehicle records.

79. On information and belief, Four Ways made these deductions from Haywood's check pursuant to companywide policy, making similar deductions from the checks of other members of the Illinois Subclass defined herein within the drivers' express written authorization.

80. As a direct and proximate result of Four Ways' violations of IWPCA set forth herein, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

**COUNT III**

**(Breach of Contract)**

81. Plaintiffs repeat and reallege the foregoing allegations as though fully stated

herein. This Count is brought in the alternative to Counts I and II, *supra*, and Count IV, *infra*. This Count is brought by Plaintiffs individually and on behalf of the Class, including the Illinois Subclass.

82. Plaintiffs and the Class and Four Ways entered into valid and enforceable contracts in the form of the Lease Agreement described in Paragraphs 19-23, *supra* (the "Contract").

83. The Contract included definite and certain material terms, including Plaintiffs' and the Class' obligations to transport freight using Four Ways' semi-tractor; and Four Ways' obligations to, *inter alia*, pay Plaintiffs and the Class 63 cents per mile.

84. Plaintiffs and Class members performed (or substantially performed) all material obligations required of Plaintiffs under the Contract, or Plaintiffs' performance was excused.

85. The Contract imposed specific duties on Four Ways, including the duty to, *inter alia*, pay Plaintiffs and the Class 63 cents per mile and the implied promise to comply with the requirements of TILA and the IWPCA set forth herein.

86. Four Ways breached the Contract by failing to perform one or more of its contractual duties, including deducting amounts that were not expressly authorized by the contract and otherwise violating the requirements of TILA and the IWPCA.

87. As a direct and proximate result of Four Ways' breach, Plaintiffs and the Class suffered damages in an amount to be proven at trial.

**COUNT IV**

**(Unjust Enrichment)**

88. Plaintiffs repeat and reallege the foregoing allegations as though fully stated herein. This Count is brought in the alternative to Counts I, II and III, *supra*. This Count is

brought by Plaintiffs individually and on behalf of the Class, including the Illinois Subclass.

89. The amounts deducted from the pay of Plaintiffs and the Class constituted enrichment of Four Ways as these amounts exceeded and were otherwise unrelated to any costs it Four Ways had incurred.

90. The amounts deducted from the pay of Plaintiffs and the Class constituted impoverishment of Plaintiffs and the Class as, *inter alia*, they exceeded and were otherwise unrelated to any costs Four Ways paid on their behalf.

91. There is a relation between the above-described enrichment of Four Ways and the impoverishment of Plaintiffs and the Class as both are the result of Four Ways' unlawful deductions from the escrow paid by Plaintiffs and the Class.

92. There is no justification for the above-described enrichment of Four Ways and the impoverishment of Plaintiffs and the Class as, inter alia, the amounts deducted from Plaintiffs and the Class' escrow exceeded and were otherwise unrelated to any costs it Four Ways had incurred.

93. There is no remedy provided by law for the above-described enrichment of Four Ways or the impoverishment of Plaintiffs and the class, which warrants the equitable remedy of returning the amounts retained by Four Ways to Plaintiffs and the Class.

**PRAYER FOR RELIEF**

Plaintiffs respectfully pray that the Court enter judgment in their favor and against Defendant as follows:

A. Certifying that Class, including the Illinois Subclass, as requested herein, appointing the named Plaintiff as Class representative and the undersigned counsel as Class counsel;

B. Requiring that Defendant pay for notifying the members of the Class of the pendency of this suit;

C. Awarding Plaintiff and the Class appropriate monetary relief, including their actual damages, statutory penalties pursuant to 820 ILCS 115/14(a), restitution and disgorgement;

D. Awarding Plaintiff and the Class equitable, injunctive, and declaratory relief, as may be appropriate;

E. Awarding Plaintiff and the Class prejudgment and post-judgment interest to the maximum extent allowable;

F. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses, as allowed, together with their costs and disbursements of this action; and

G. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 1, 2026

Respectfully submitted,

EUGENE HAWYOOD and HAYWOOD LOGISTICS LLC

By: /s/ William M. Sweetnam
One of Their Attorneys

William M. Sweetnam
SWEETNAM LLC
230 Northgate Street, Suite 103
Lake Forest, Illinois 60045
(847) 877-2970
wms@sweetnamllc.com

*Attorneys for Plaintiff and the Class*